IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Thomas Johnson | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | |
| Drexel University | : | No.:   10-cv-4650 |

**REPORT OF RULE 26(f) MEETING**

In accordance with Rule 26(f) of the Federal Rules of Civil Procedure, counsel for the parties conferred on February 17, 2011, and submit the following Joint Proposed Discovery Plan for the Court's consideration:

   **1.   Discussion of Claims, Defenses and Relevant Issues**

      a.   Plaintiff's Claims

         This is a Title VII, wrongful termination case arising out of Plaintiff, Thomas Johnson's dismissal as a professor from Drexel University.  In or around September, 2008, Plaintiff, Thomas Jonson (an African American man) was offered and accepted a position in the Sociology Department of Drexel as an Instructor.  Mr. Johnson was hired to teach an Introduction to Sociology course at Drexel for Fall Semester, 2008.  Mr. Johnson taught the course, in accordance with the requirements set forth by Drexel.

   Towards the end of Fall semester 2008, Plaintiff was invited to teach a course for the semester beginning in January 2009.  He agreed to teach the course beginning in January 2009, and submitted his list of books to be stocked at the student bookstore, obtained a classroom reservation and schedule and began preparing lectures and

course materials beginning in January 2009.  On December 23, 2008, without warning, Plaintiff was notified by Drexel that he was terminated from the position of Adjunct professor of sociology and was told that he was being fired after a criminal background check had yielded information that the Plaintiff had been convicted of a felony.

In July 1991, Plaintiff was convicted of involuntary manslaughter when he was 21 years old, after being involved in a neighborhood fight.  At the time of Mr. Johnson's conviction, he had no prior arrests on his record or convictions and was a model citizen.  Johnson was sentenced by the Commonwealth of Pennsylvania for 5-10 years in prison after a bench trial.  Mr. Johnson served his entire ten (10) year sentence in prison and was released in October 2001.

While Mr. Johnson was in prison he took college level courses for credit, and upon his release, he enrolled at Montgomery County Community College, and began working towards a college degree.

Mr. Johnson eventually transferred to from Montgomery County Community College to Drexel University and enrolled in courses at Drexel.  In 2006, he graduated from Drexel with a Bachelor's of Science in Sociology.  Mr. Johnson continued his education and on or about June 2008, he earned a Masters of Science in Management with an emphasis on marketing.  At that time, Johnson was encouraged by another sociology professor and mentor Dr. Douglas Porpora, to apply for the adjunct professor position, which Plaintiff applied for and was hired.

At all times material, Plaintiff was well qualified to hold the position he was hired to perform by Drexel, and based upon his hard work, dedication to his studies and own

personal history was an invaluable resource to the faculty.  Further, Plaintiff never concealed the information concerning his prior conviction, and in fact, spoke very openly about the conviction because he strongly believed that his direct first-hand experience with the criminal justice system enriched aspects of his introductory course that dealt with the manner in which certain societies' handle crime and punishment.  At all times material, Plaintiff's superiors were aware of the prior conviction and never raised any issue about the conviction.

Defendant's faculty is only 2-3% African-American, and was the only African-American male on the teaching faculty within the entire social science discipline.  At all times material, Plaintiff was performing the job for which he was hired to the reasonably appropriate level of performance.  Plaintiff was wrongfully terminated by Drexel, in violation of his civil rights, as set forth in the Plaintiff's complaint.

      b.    <u>Drexel's Defense</u>

Plaintiff was appointed as an adjunct faculty member by Drexel University "(Drexel")  for the Fall Quarter of 2008 pursuant to a contract.  Consistent with Drexel's Background Investigation Policy, Plaintiff was required to undergo, *inter alia.*, a criminal background check as a condition of his employment.  The criminal background check, conducted in October, revealed that Plaintiff was charged and convicted of involuntary manslaughter in 1990.  Plaintiff was sentenced to a correctional facility for a minimum of 5 years to a maximum of 10 years.  Plaintiff having a criminal conviction of voluntary manslaughter made Plaintiff unqualified to work at Drexel as an adjunct professor.  Plaintiff was not immediately discharged.  Instead, Plaintiff was informed that at the conclusion of the Fall Quarter, Drexel could not renew his contract for another

3

quarter due to what was found in his background check.

Drexel complied with its Background Investigations Policy consistently and in a purely nondiscriminatory manner. Drexel's decision with regard to Plaintiff's employment was not based on anything other than Plaintiff's criminal record.

### 2. Informal Disclosures

Both Plaintiff and Drexel have served self-executing disclosures as required by Rule 26(a).

### 3. Formal Discovery

Plaintiff served written interrogatories and documents requests, to which Drexel has served responses. On February 10, 2011, Drexel served written discovery requests on Plaintiff, the responses to which are not yet due.

Counsel agree that the subjects for discovery include, but not limited to the following:

- The reasons for and circumstances surrounding the non-renewal of Plaintiff's employment contract;
- The alleged discriminatory conduct of Drexel toward Plaintiff; and
- Plaintiff's alleged wage loss and other claimed damages

Counsel anticipates that 4 -6 depositions will be necessary in this case. Counsel has begun discussing available dates for depositions.

The parties request a close of discovery date of **May 27, 2011**.

The parties do not believe that any special rules or procedures regarding electronic discovery are needed in this case.

### 4. Expert Witness Deadline

Plaintiff's expert reports due **June 24, 2011**; Defendant's reports due **July 8, 2011**; depositions of all experts to be completed by: **July 22, 2011.**

### 5. Early Settlement or Resolution

The parties are open to attempting early resolution through mediation with a magistrate judge as soon as possible.

### 6. Trial date

This case will be placed into the trial pool on **August 1, 2011** or as soon thereafter as all dispositive motions have been decided.

### 7. Other Matters

None.


Dated:  February 18, 2011                                       Respectfully submitted,

| | |
|---|---|
| BY: /s/ Matthew B. Weisberg<br><br>Matthew B. Weisberg, Esquire<br>**Weisberg Law, P.C.**<br>7. S. Morton Avenue<br>Morton, PA 19070<br><br>Counsel for Plaintiff, Thomas Johnson | BY: /s/ Yvonne Barnes Montgomery<br><br>Joe H. Tucker, Jr. Esquire<br>Yvonne Barnes Montgomery, Esquire<br>**TUCKER LAW GROUP, LLC**<br>One Penn Center at Suburban Station<br>1617 John F. Kennedy Blvd.<br>Suite 1700<br>Philadelphia, PA 19103<br>(215) 875-0609<br><br>Counsel for Defendant, Drexel University |